
FILED
2014 Nov-21  PM 03:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

KAY GUNN, et al.,                    )
                                     )
            Plaintiffs;              )
                                     )
    vs.                              )           7:14-cv-01822-LSC
                                     )
THE COCHRAN FIRM, et al.,            )
                                     )
            Defendants.              )
                                     )

## Memorandum of Opinion

Before this Court is Plaintiffs' first and second amended complaint (Docs. 12

& 13). However, Plaintiffs are no longer allowed an amendment as a matter of course.

*See* Fed. R. Civ. P. 15(a) (giving a party 21 days following service of the first responsive

pleading to amend as a matter of course). Therefore, the Court will consider whether

Plaintiffs should be given leave to amend.

The Court examined the original complaint for jurisdiction. Since diversity

jurisdiction was lacking and not alleged, this Court determined that Plaintiffs intended

to invoke federal question jurisdiction under 28 U.S.C. § 1331. However, Plaintiffs'

supposed federal anchor claims—alleged due process violations under the Fifth and

Fourteenth Amendments—were jurisdictionally flawed, since nowhere did Plaintiffs

allege that Defendants were state or federal actors. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) (stating that "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law'"); *see also Blakenship v. Gulf Power Co.*, 551 F. App'x 468, 471 (11th Cir. 2013) (dismissing a Fourteenth Amendment-based due process claim brought under 42 U.S.C. § 1983, and noting that a plaintiff must allege state action to establish jurisdiction (citing *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001))).

Consequently, this Court ordered Plaintiffs to show cause why this action should not be dismissed for lack of jurisdiction. Specifically, Plaintiffs were asked to clarify how Defendants (a private law firm and an individual employee of that firm) can be considered state or federal actors for the purposes of Plaintiffs' due process claims. Though the due process claims remain in the amended complaint, Plaintiffs still do not allege that the defendants are state or federal actors, thus apparently conceding that the due process claims are flawed and cannot serve as the basis for jurisdiction.

Instead, Plaintiffs now allege diversity as the jurisdictional basis for the remaining state law claims. However, for diversity jurisdiction exist under 28 U.S.C.

§ 1332, there must be complete diversity among the parties. In other words, "every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *see also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013 (stating that, to establish diversity jurisdiction, a plaintiff must allege facts showing "no plaintiff is a citizen of the same state as any defendant"). By Plaintiffs' own admission, complete diversity does not exist in this case. Plaintiffs state that Defendant, the Cochran Firm, is considered a citizen of Alabama, as are all but one of the Plaintiffs. Furthermore, Defendant Byron Lewis is also alleged to be a citizen of Alabama, making him diverse to only one of the Plaintiffs.

Despite three attempts, Plaintiffs still fail to establish a valid basis for federal jurisdiction. Consequently, leave to amend is DENIED. Plaintiffs have requested that the case be "remanded" to state court rather than dismissed. However, Plaintiffs' action was filed in federal court. The Court cannot remand an action to state court when it was never filed there originally. Thus, Plaintiffs' case is due to be dismissed without prejudice.

Done this <u>21st</u> day of <u>November 2014</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
177822